UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Berg, and<br>Zelda Berg,<br><br>   Plaintiffs,<br><br>v.<br><br>Metropolitan Property and<br>Casualty Company,<br><br>   Defendant. | Civ. No. 21-2474 (PAM/JFD)<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Motion for Summary Judgment. For the following reasons, the Motion is denied.

**BACKGROUND**

In late August 2020, Plaintiff Thomas Berg was injured in a collision between the motorcycle he was riding and a car driven by an uninsured motorist. According to Berg, and accepted as true for the purposes of this Motion, the uninsured individual was negligent and was responsible for the collision. (Stipulation (Docket No. 8) ¶¶ 5-6.) There is likewise no dispute that Berg owned the motorcycle in question, or that Berg was injured in the accident. (Id. ¶¶ 4, 7.)

Berg insured the motorcycle through Progressive Insurance Company. (See id. ¶ 2.) But he and his wife, Plaintiff Zelda Berg, also maintained auto insurance on their two cars through Defendant Metropolitan Property & Casualty Insurance Company. (Id. ¶ 1.) This lawsuit contends that Metropolitan's uninsured motorist coverage applies to the accident

at issue.[1]

Metropolitan argues that a policy exclusion to the uninsured motorist provision establishes as a matter of law that Berg's motorcycle was not insured by Metropolitan at the time of the accident.

**DISCUSSION**

The Bergs' policy with Metropolitan lists two "covered auto[s]:" a 2014 Jeep and a 2015 Jeep. (Stipulation Ex. 1 (Docket No. 8-1) ("Policy") at 2.)[2] The uninsured motorist provision in the policy provides broad coverage for "insured[s]" who sustain "bodily injury" in an "accident arising out of . . . the use of an uninsured motor vehicle." (Id. at 30.) However, the provision excludes "any person occupying or struck by a motor vehicle owned by you or a relative, other than a covered auto." (Id.)

This exclusion appears to exclude Berg's injuries from coverage under the Metropolitan policy, because his motorcycle is not one of the "covered auto[s]." But Berg argues that the policy's definitions render the exclusion inapplicable. Specifically, he contends that the policy's definition of "motor vehicle" does not encompass motorcycles. And because he was riding a motorcycle at the time of the accident, the coverage exclusion does not apply.

Under Minnesota law, the Court interprets the exclusions of an insurance policy

---

[1] The Progressive policy did not provide for uninsured motorist coverage. Minnesota law permits insurers to offer such coverage for motorcycles but does not require them to do so. See Minn. Stat. § 65B.43, subd. 2; id. § 65B.49, subd. 7.

[2] Because the pages in the Metropolitan policy are not consecutively numbered, all citations will be to the page number on the Court's electronic filing system.

2

"narrowly and strictly" against the insurer.  Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888, 894 (Minn. 2006).  Terms in an insurance policy are given their "ordinary and usual meaning" unless the parties specify some other meaning.  Dairyland Ins. Co. v. Implement Dealers Ins. Co., 199 N.W.2d 806, 811 (Minn. 1972).  Thus, in construing insurance policies, "even if it looks like a duck and quacks like a duck, it is not a duck if the parties sign an agreement that expressly says it is not."  Frauendorfer v. Meridian Sec. Ins. Co., No. A16-818, 2017 WL 1316110, at *3 (Minn. Ct. App. Apr. 10, 2017).

The "General Definitions" section of the Metropolitan policy defines "Motor Vehicle" as "a land motor vehicle designed for use mainly on public roads," excluding farm equipment and several other types of vehicles not at issue here.  (Policy at 9-10.)  According to Metropolitan, a motorcycle is clearly a "land motor vehicle" under this definition.

But Berg points out that the policy specifically defines "Motorcycle," in the definition immediately preceding the "Motor Vehicle" definition.  (Id. at 9.)  Thus, Berg argues, the policy differentiates between motor vehicles and motorcycles, and because the uninsured motorist exclusion mentions only "motor vehicles" it does not exclude motorcycles.

The Frauendorfer decision mentioned above is one of two similar Minnesota state-court cases on which Plaintiffs rely.  See also Bryan v. Travelers Commercial Ins. Co., No. 55-CV-19-4617 (Minn. 3d Dist. Ct. Feb. 3, 2020) (slip op.) (Dahlberg Aff. Ex. 4 (Docket No. 13-4)).  Both involved whether a motorcycle was a motor vehicle for purposes of

uninsured motorist coverage. But neither one involved language such as that at issue here, and thus while instructive on the interpretation of insurance policies, neither is particularly on point with regard to whether a policy that defines "motorcycle" and "motor vehicle" separately should be read to exclude "motorcycle" from the definition of "motor vehicle."

The policy's apparent differentiation between "Motorcycle" and "Motor Vehicle" creates an ambiguity as to whether a motorcycle is a motor vehicle. "Any ambiguity is resolved in favor of the insured." Midwest Family Mut. Ins. Co. v. Wolters, 831 N.W.2d 628, 636 (Minn. 2013) (quotation omitted). The exclusion precludes those who are "occupying . . . a motor vehicle owned by you or a relative, other than a covered auto" from its coverage grant. (Policy at 30 (emphasis added).) If a motorcycle is not a motor vehicle, then an insured occupying a motorcycle is covered for injuries caused by an uninsured motorist. Because Minnesota law requires the "narrow and strict" interpretation of policy exclusions, the Court construes the policy to provide coverage here.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the Motion for Summary Judgment (Docket No. 5) is **DENIED**.

Dated:   March 23, 2022

                                        *s/Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge